UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZION'ELIYAH YAH'TORAH,<br><br>Plaintiff,<br><br>v.<br><br>AMY EMRICH,<br><br>Defendant. | Civil Action No. 20-5533 (PGS)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, United States Magistrate Judge**

Currently pending before the Court is Plaintiff Zion'Eliyah Yah'Torah's ("Plaintiff's") motion to supplement his Complaint pursuant to Rule 15(d) or, in the alternative, to amend the Complaint to add First Amendment claims related to his inability to procure a book and to add four new defendants. (Docket Entry Nos. 17, 21, 27). Defendant Amy Emrich ("Defendant") has opposed Plaintiff's request to supplement the Complaint because his supplemental allegations are unrelated to his prior claims, would risk prejudice, and do not serve judicial economy and has opposed his request to amend the Complaint because the proposed amended complaint is futile. (Docket Entry Nos. 18, 25). The Court has fully reviewed the arguments made in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to supplement or, in the alternative, to amend is GRANTED in part and DENIED in part.

**I.    Background and Procedural History**

On May 1, 2020, Plaintiff filed his Complaint. (Docket Entry No. 1). The Complaint contains claims under the First Amendment, the Religious Land Use and Institutional Persons Act

of 2000, and "federal statues of the Civil Rights Act" [sic] related to his right to wear a "Black Yamuka" for religious reasons. (Compl. ¶¶ 24-29). He states that he has been unable to comply with his religion's requirement of wearing a Black Yamuka during daily religious duties and activities. (Compl. ¶¶ 9-19). Plaintiff informed New Jersey State Prison personnel about this issue in February 2019, and Defendant Emrich denied his request in August 2019. (Compl. ¶¶ 20-23).

On June 16, 2020, the Court permitted the claim to proceed against Defendant Emrich except for Plaintiff's claims for monetary damages against Defendant Emrich in her official capacity. (Docket Entry No. 2). Defendant Emrich answered the Complaint on December 18, 2020. (Docket Entry No. 13).

The Court entered a scheduling order governing the discovery process on December 21, 2021. (Docket Entry No. 14).

On March 4, 2021, Plaintiff filed this Motion for Supplemental Pleadings Pursuant to Rule 15(d) or in the Alternative for an Amended Complaint. (Docket Entry No. 17). Plaintiff's proposed amended complaint adds additional claims for First Amendment violations relating to his inability to obtain the book *Contracts for the Film & Television Industry* by Mark Litwak. He alleges that on September 22, 2020, he submitted a grievance to the prison about a First Amendment violation because he was not allowed to order books on a "book ban list." (Am. Compl., ¶ 31, Docket Entry No. 17). Over the next few months, Plaintiff continued to complain about a "book ban list" and that he was unable to purchase the book he wanted. (Am. Compl. ¶¶ 32-33). Plaintiff seeks to add proposed defendants Senior Correction Officer G. Kelley, Sargent Omar Mendoza, Major Craig Sears, and Jonathan Gramp as officers or administrators responsible for denying him access to the book he wants for the stated reason that books must be less than a 2.0 pound maximum and Plaintiff's book was 2.5 pounds. (Am. Compl. ¶¶ 34-37). Defendant

Emrich filed her brief in opposition to the Motion on March 9, 2021. (Docket Entry No. 18). Plaintiff filed his reply on March 31, 2021. (Docket Entry No. 21).

On April 29, 2021, the Court issued a Letter Order explaining that although it had been "unclear what the basis of Plaintiff's proposed new constitutional claim was prior to Plaintiff's reply," Plaintiff stated in his reply that he "is not seeking to bring Claims of Denial of Access to the Courts . . . [but instead] brings forth claims of his 1st Amendment Right being violated due to the unconstitutional censorship of his right to read books while he is in prison." (Docket Entry No. 22). The Court stated that new arguments cannot be raised for the first time in reply briefs, but because Plaintiff is *pro se*, Defendant was directed to file a sur-reply addressing whether the proposed amendment to the Complaint would be futile under *Turner v. Safley*, 482 U.S. 78 (1987). (*Id.*) On May 14, 2021, Defendant filed her sur-reply arguing that, although the proposed amendment does not assert claims against her, the new claims do not meet the standard set forth in *Turner* and that Plaintiff fails to plead sufficient personal involvement by proposed Defendants to give rise to a § 1983 claim. (Docket Entry No. 25).

By letter filed May 19, 2021, Plaintiff stated that he "was finally able to make copies of the exhibits for [his] motion," after the prison copy machines had been in disrepair. (Docket Entry No. 27). He attached records related to his internal claims and appeals of the prison's decision to withhold the book he had ordered that include additional details on the involvement of the proposed new defendants.

II. Analysis

A. Standard of Review

Rule 15(d) governs the filing of supplemental pleadings. "Requests to supplement pleadings are left to the sound discretion of the court." *Glenside West Corp. v. Exxon Co.,*

3

*U.S.A.*, 761 F.Supp. 1118, 1133 (D.N.J. 1991). According to Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d) serves many important purposes. It promotes "judicial economy, avoids multiplicity of litigation, and promotes 'as complete an adjudication of the dispute between the parties as possible. . . .'" *Hassoun v. Cimmino*, 126 F.Supp.2d 353, 360 (D.N.J. 2000) (quoting *Glenside*, 761 F.Supp. at 1134 (citations omitted)).

While the text of Rule 15(d) does not include Rule 15(a)'s explicit mandate that leave be "freely give[n]," courts have construed Rule 15(d) to require such a liberal approach. As such, "[l]eave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading." *Hassoun*, 126 F.Supp.2d at 360-61.

With respect to the motion to amend, pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182; *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2002). However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468

4

(D.N.J. 1990) (internal quotation marks and citations omitted).  To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Alvin*, 227 F.3d at 121) and considers only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the party's claims are based upon same.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The focus is not on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  *Bell Atl. Corp.*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)).  Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

**B. Discussion**

Rule 15(d) is designed to promote judicial efficiency. Where, as here, the supplemental facts are unconnected to the original pleading, that goal is not met. Plaintiff's proposed amended complaint seeks to add claims against an entirely new set of defendants that have no factual or legal connection to the original Complaint. Accordingly, the Court denies Plaintiff's motion to supplement the Complaint.

Rule 15(a), however, is not designed merely to set forth subsequent facts related to claims in existing pleadings and therefore does not require the same nexus between existing claims and proposed claims. Considering instead the standard for a motion to amend, the Court finds that the proposed amended complaint is not futile. In *Turner v. Safley*, 482 U.S. 78, 89-91 (1987), the Supreme Court instructs that courts should look to four factors to determine the constitutionality of a prison regulation: (1) whether there is a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it;" (2) "whether there are alternative means of exercising the right that remain open to prison inmates;" (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally;" and (4) "the absence of ready alternatives." As Defendant admits, "At the motion to dismiss stage, it can be difficult for a Court to discern whether to dismiss a First Amendment claim as the sparse record may not necessarily provide the Court with facts sufficient to analyze the Turner inquiry." (Defendant's letter dated May 14, 2021 ("Def. Sur-Reply"), Docket Entry No. 25, at 3) (citations omitted). Here, Plaintiff's proposed amended complaint sets forth a "legitimate and neutral" government objective (*Turner*, 482 U.S. at 90), placing a maximum weight requirement for books to maintain order, and Defendant cites case law to support the idea that prisons can regulate the weight of

books and ban certain books (Def. Sur-Reply at 4-5).  Yet Plaintiff does not plead facts related to the other prongs of the *Turner* test.  Therefore, the Court lacks the information necessary to conduct a *Turner* analysis.  This does not, however, render the proposed amended complaint futile because Plaintiff could not reasonably be expected to plead facts related to the impact accommodation would have at the prison or alternative means of exercising the right at this stage.  Acknowledging that it may be too early for a *Turner* analysis, Defendant requests that "to the extent the Court should find that there is insufficient pleadings to conduct a Turner analysis at this early stage, it should permit the proposed defendants to re-assert these defenses without prejudice.  This is particularly so because the allegations related to the book seizure are not levied against Defendant Emrich, yet she is the only active Defendant at this time." (Def. Sur-Reply at 5-6).  The Court is in full agreement and preserves the proposed defendants' right to make arguments under *Turner* at a future date.

The Court also declines to find that Plaintiff's proposed amended complaint is futile because he fails to plead sufficient personal involvement to give rise to a § 1983 claim.  (*See* Def. Sur-Reply at 6-8).  Plaintiff's late submission of exhibits to his motion reflecting the involvement of all four proposed defendants in denying his internal claims or appeals is sufficient at this stage.  Because the Plaintiff is *pro se* and lacks easy access to copy machines, the Court will accept the delayed submission of the exhibits to his motion and reject the argument that Plaintiff fails to allege the details of the proposed defendants' involvement.

Based on the foregoing, the Court grants Plaintiff's motion to amend the Complaint.

### III. Conclusion

For the reasons stated above, Plaintiff's motion to supplement or, in the alternative, amend is GRANTED in part and DENIED in part.  An appropriate Order follows.

Dated: May 20, 2021

                                          s/ Tonianne J. Bongiovanni
                                          **HONORABLE TONIANNE J. BONGIOVANNI**
                                          **UNITED STATES MAGISTRATE JUDGE**