**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ZION 'ELIYAH YAH 'TORAH, | : | |
| Plaintiff, | : | Civ. No. 20-5533 (PGS)(TJB) |
| v. | : | |
| AMY EMRICH, et al., | : | MEMORANDUM AND |
| Defendants. | : | ORDER |

PETER G. SHERIDAN, U.S.D.J.

Plaintiff, Zion 'Eliyah Yah 'Torah ("Plaintiff"), is a state prisoner currently incarcerated at the Northern State Prison ("NSP") in Newark, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Presently pending before this Court is the Defendants Jonathan Gramp, Craig Sears, and Omar Mendoza's (collectively "Defendants") motion to dismiss (ECF No. 69), Plaintiff's response (ECF No. 75), and Defendants' reply (ECF No. 76). For the following reasons, the motion is granted.

**I.[1]**

Plaintiff filed his original complaint in May 2020, alleging a violation of his civil rights against defendant Amy Emrich. (*See* ECF No. 1.) On June 16, 2020, the Court filed a Memorandum and Order pursuant to its screening authority under 28 U.S.C. § 1915A, proceeding Plaintiff's claim against defendant Emrich, except for Plaintiff's claims for monetary damages against defendant Emrich in her official capacity. (*See generally* ECF No. 2.)

---

[1] For the purposes of this motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

The Court subsequently granted Plaintiff leave to amend his complaint, and Plaintiff filed his Amended Complaint on August 5, 2021. (ECF No. 43.) Plaintiff's Amended Complaint raised claims against defendants Emrich, Publication Review Committee, John/Jane Doe 1 and 2, Senior Corrections Officer G. Kelley, and moving Defendants Mendoza, Sears, and Gramp. (*See id.*)

According to the Amended Complaint, on September 22, 2020, Plaintiff submitted a grievance to the New Jersey State Prison administration demanding he be allowed to order "from source of sale any or all books that are on the so called 'book ban list.'"[2] (*Id.* ¶ 31.) On October 31, 2020, Plaintiff notified Central Office that "the Publication Review Committee ban on any [or] all books is in violation of [First] Amendment right[s]." (*Id.* ¶ 32.)

On December 9, 2020, defendant Senior Correction Officer G. Kelley was assigned to the New Jersey State Prison ("NJSP") mailroom and denied Plaintiff the legal book "Contracts for the Film & Television Industry" by Mark Litwak. (*Id.* ¶ 34.) Defendant Kelly denied Plaintiff the book because it weighed 2.5 pounds, and there was a "weight restriction[] of a [two] pound maximum." (*Id.*) On December 15, 2020, Defendant Mendoza, the mailroom supervisor at NJSP, denied Plaintiff the book and "falsely stated bogus rules for his reason of denying Plaintiff his book." (*Id.* ¶ 35.) On December 20, 2020, Defendant Sears, a security major at NJSP, denied Plaintiff the book, "rubber stamping the mailrooms violation and took no actions to correct their unconstitutional behavior" and citing a "bogus policy and procedure that does not exist." (*Id.* ¶ 36.) On January 13, 2020, Defendant Gramp, who holds an "administrator position," denied Plaintiff the book, "rubber stamp[ing] defendants Kelley, Mendoza, and Sears' actions by stating that books that are found to be overweight are not permissible." (*Id.* ¶ 37.)

---

[2] The Court recounts only the facts alleged in the Amended Complaint relevant to Defendants' Motion to Dismiss.

On February 4, 2022, moving Defendants Gramp, Mendoza, and Sears filed the instant motion to dismiss. (ECF No. 69.) Defendants seek dismissal of Plaintiff's First Amendment claim, asserting that they are entitled to qualified immunity. (*See id.*) Plaintiff filed a response to Defendants' motion (ECF No. 75), and Defendants filed a reply (ECF No. 76.). This matter is now ripe for disposition.

## II.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the ... claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Stated differently, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a

3

claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

### III.

Here, Plaintiff's First Amendment claim arises out of the alleged "censorship" of books he can receive in the prison. Specifically, the Amended Complaint addresses Plaintiff's inability to order the book "Contracts for the Film & Television Industry" by Mark Litwak, due to a two-pound weight restriction on books in the prison. Defendants contend they are entitled to qualified immunity because there is no law that clearly established that a prison cannot create and enforce weight limits on books being sent to prisoners.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). There is a two-step inquiry into whether qualified immunity applies: (1) whether the official's conduct violated a constitutional or federal right; and (2) whether the right at issue was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), abrogated in part by *Pearson v. Callahan*, 555 U.S. 223 (2009). The court may grant qualified immunity on either of the two prongs. *See, e.g., Pearson*, 555 U.S. at 243-245 (evaluating only *Saucier's* second prong and holding that law enforcement officers were entitled to qualified immunity because the unlawfulness of their conduct was not clearly established).

Defendants argue in their Motion to Dismiss that there is no precedent that clearly establishes that the weight restrictions on books received by prisoners violated a federal statutory or constitutional right. As such, the Court will address the second prong of *Saucier* to start.

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Kane v. Barger*, 902 F.3d 185, 194 (3d Cir. 2018) (citations omitted). To determine if the "right at issue" was "clearly established" at the time of the alleged misconduct, the right at issue must be defined "at the appropriate level of specificity." *Sharp v. Johnson*, 669 F.3d 144, 159 (3d Cir. 2012). However, "it need not be the case that the exact conduct has previously been held unlawful so long as the contours of the right are sufficiently clear." *Kedra v. Schroeter*, 876 F.3d 424, 450 (3d Cir. 2017); *see also Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

Defendants argue there is no law providing that a prison cannot create and enforce weight limits on books being sent to prisoners. (ECF No. 69-1 at 8.) Additionally, Defendants claim that, to the extent the law has addressed the First Amendment claims Plaintiff advances, those cases suggest that Defendants are entitled to qualified immunity. Defendants argue that courts have applied the relevant legal standard, i.e., the test articulated in *Turner v. Safely*, 482 U.S. 78 (1987), to prison limits on the weight of incoming packages and banning certain books and have found such limits constitutional. (ECF No. 69-1 at 10-11) (citing *Bell v. Wolfish*, 441 U.S. 520, 550 (1979) (finding that prohibition on receipt of hardback books, except from certain sources, did not violate First Amendment); *Kramer v. Conway*, 962 F. Supp. 2d 1333, 1346 (N.D. Ga. 2013) (finding limits on the weight of incoming packages was reasonably related to legitimate safety and security interests, considering the prisons need to search incoming packages.))

In response, Plaintiff identifies cases addressing the "reasonableness" standard that governs the censorship of the content of materials mailed to prisoners. (ECF No. 75 at 4-6) (citing *Thornburgh v. Abbot*, 490 U.S. 401, 415 (1989) (prohibiting censorship "solely because the publication's content is religious, philosophical, political, social, or sexual," but permitting censorship "because the publication is detrimental to security."); *Murphy v. Missouri Dep't of Corrections*, 372 F.3d 979, 986 (8th Cir. 2004) (noting the court must review the contents of each item to determine whether its censorship is an "exaggerated response.") These cases are distinguishable from the issue at bar. Plaintiff cites to cases that address the censorship of materials based on the content of those materials. Here, prison officials did not deny Plaintiff his book based on its content. Rather, prison officials denied Plaintiff the book based on a weight restriction regulation. Plaintiff fails to cite to any Supreme Court or Third Circuit Court of Appeals case that addresses the unlawfulness of a prison's weight limitations placed on materials received by an inmate.

Plaintiff does not cite, nor has the Court found, a published decision from the Supreme Court or the Third Circuit Court of Appeals holding that a ban on books based on their weight violates the First Amendment. As such, it was not clearly established at the time Defendants refused Plaintiff his book based on its weight that Defendants were violating Plaintiff's First Amendment right. Defendants are entitled to qualified immunity and their Motion to Dismiss is granted as to Plaintiff's First Amendment claim regarding the denial of the book "Contracts for the File & Television Industry" by Mark Litwak.[3]

---

[3] Plaintiff submitted a letter to the Court requesting a stay of Defendants' Motion to Dismiss while Plaintiff seeks discovery regarding the prison's weight limit policy. (ECF No. 77.) Plaintiff appears to argue discovery is needed for Plaintiff to show Defendants were misapplying the weight restriction policy. The question before the Court is not if Defendants misapplied the weight restriction policy. Rather, the question before the Court is if it was clearly established that a weight restriction policy violated Plaintiff's First Amendment right. Additionally, Plaintiff is not entitled to discovery in order to overcome a motion to dismiss. *See Iqbal*, 556 U.S. at 678–79 (stating that Rule 8's

## CONCLUSION

For the reasons expressed above, the Court will grant Defendants' motion to dismiss. (ECF No. 69.) Accordingly, Plaintiff's Amended Complaint is dismissed against Defendants Mendoza, Sears, and Gramp.

## ORDER

This matter having come before the Court on the motion to dismiss Defendants Jonathan Gramp, Craig Sears, and Omar Mendoza's (collectively "Defendants") (ECF No. 69), brought pursuant to Fed. R. Civ. P. 56; the Court having considered the motion for summary judgment; the records of proceedings in this matter; Plaintiff's response (ECF No. 75); and Defendants' reply (ECF No. 76); and the Court having found that Defendants are entitled to qualified immunity for the reasons expressed in the accompanying Opinion,

**IT IS** on this 28th day of September 2022,

**ORDERED** that Defendants' motion to dismiss (ECF No. 69) is **GRANTED**; and it is further

**ORDERED** the Plaintiff's Amended Complaint against Defendants Mendoza, Sears, and Gramp is **DISMISSED**; and it finally

**ORDERED** that the Clerk shall serve this Order and the accompanying Opinion upon Plaintiff by regular U.S. mail.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

---

notice pleading standard "does not unlock the doors of discovery"). As such, Plaintiff's letter request for a stay (ECF No. 77) is denied.