UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZION 'ELIYAH YAH 'TORAH,<br><br>Plaintiff,<br><br>v.<br><br>AMY EMRICH, et al.,<br><br>Defendants. | Civil Action No. 20-5533 (PGS)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

Pending before the Court is Plaintiff Zion 'Eliyah Yah 'Torah's ("Plaintiff") motion to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 15.1(a). Through the proposed Amended Complaint, Plaintiff seeks to reinstate his claims against three formerly dismissed defendants, Jonathan Gramp ("Gramp"), Major Craig Sears ("Sears"), and Sargent Omar Mendoza ("Mendoza") (referred to collectively as "former Defendants"), while adding claims against one newly proposed Defendant, Rev. Brantly ("Brantly"). (Docket Entry No. 86.) The former Defendants oppose the motion (Docket Entry No. 92), to which Plaintiff has replied (Docket Entry No. 95.) For the reasons set forth below, Plaintiff's motion to amend his complaint to reinstate the former Defendants is **DENIED**. Plaintiff's amendment to bring claims against the proposed Defendant Brantly is **DENIED**, without prejudice.

### I.    Background and Procedural History

The parties and the Court are familiar with this case; therefore, the Court does not restate all the facts herein, but focuses only on those relevant to the instant motion to amend. Plaintiff is a state prisoner presently incarcerated at the Northern State Prison ("NSP") in Newark, New Jersey. On May 1, 2020, Plaintiff filed his original Complaint, *pro se*, against Defendant Amy Emrich ("Emrich"). (Docket Entry No. 1.) Having screened the Complaint pursuant to 28 U.S.C.

1

§ 1915A, the District Court issued a Memorandum & Order permitting Plaintiff to proceed *in forma pauperis* on his claims against Defendant Emrich.[1] (Docket Entry No. 2.) Pursuant to the Court's initial scheduling order on December 21, 2020, all discovery in this matter was to be completed by April 21, 2021. (Docket Entry No. 14.)

On March 4, 2021, Plaintiff filed a motion to amend his initial Complaint (referred to herein as the "First Amended Complaint"). (Docket Entry No. 17.) As set forth in the First Amended Complaint, Plaintiff sought to add claims under the First Amendment relating to his ability to obtain the book *Contracts for the Film & Television Industry* by Mark Litwak. (*See id.* at ¶ 31.) On September 22, 2020, he submitted a grievance to the New Jersey State Prison administration requesting that he be allowed to order "from source of sale any or all books that are on the so called 'book ban list.'" (*Id.* at ¶ 31.) Relevant here, in the Amended Complaint, Plaintiff sought to add defendants Senior Correction Officer G. Kelly ("Kelly")[2], Mendoza, Sears, and Gramp as officers or administrators responsible for denying him access to the book. Mendoza and other prison officials denied Plaintiff the book because it weighed 2.5 pounds and prison rules imposed a "weight restriction[] of a [two] pound maximum." (*Id.* at ¶¶ 34-35.) On December 20, 2020, Sears, a security major at NJSP, denied Plaintiff's request and rubber stamped the mailrooms violation. (*Id.* at ¶ 36.) Likewise, on January 13, 2020, Gramp, who holds an administrator position at NJSP, denied Plaintiff the book, referencing the weight restriction rules and "rubber-stamp[ed] defendants Kelly, Mendoza, and Sears['] actions . . . ." (*Id.* at ¶ 37.)

---

[1] The District Court had dismissed, *sua sponte*, Plaintiff's claim for monetary damages against Emrich. (Docket Entry No. 2.)

[2] Plaintiff's Summons has returned as unexecuted as to Kelly. (Docket Entry No. 67.) Counsel has since made an appearance on behalf of Gramp, Sears, and Mendoza, only. (Docket Entry No. 68.)

On May 20, 2021, the Court granted Plaintiff's first motion to amend to add the First Amendment claims related to his ability to procure a book, and to add four the additional Defendants. (Docket Entry No. 28.) On February 4, 2022, former Defendants Gramp, Mendoza, and Sears filed a motion to dismiss the First Amended Complaint. (Docket Entry No. 69.) They sought dismissal of Plaintiff's First Amendment claims asserting that they were entitled to qualified immunity because there is no precedent that clearly established that they violated a federal statutory or constitutional right. (*Id.*)

On September 28, 2022, the District Court granted the motion to dismiss. With respect to Plaintiff's First Amendment claims, the District Court determined that the "prison officials did not deny Plaintiff his book based on its content[;] [r]ather, prison officials denied Plaintiff the book based on weight restriction regulations." (*Id.* at 6.) To this end, "Plaintiff [did] not cite, nor has the Court found, a published decision from the Supreme Court or the Third Circuit Court of Appeals holding that a ban on books based on their weight violates the First Amendment." (*Id.*) Accordingly, "it was not clearly established at the time Defendants refused Plaintiff his book based on its weight that Defendants were violating Plaintiff's First Amendment right." (*Id.*) Thus, the District Court concluded that the former Defendants were entitled to qualified immunity against the claims asserted in Plaintiff's First Amended Complaint. (*Id.*)

One month later, on November 3, 2022, Plaintiff filed the instant motion to Amend the Complaint to reinstate Gramp, Sears, and Mendoza to this action (the "proposed Second Amended Complaint"). (Docket Entry No. 86.) The proposed Second Amended Complaint and allegations set forth therein largely mirror the First Amended Complaint filed on August 5, 2021. (*See generally* Docket Entry No. 86-2.) The Court, on its own accord, has compared the First Amended Complaint to the proposed Second Amended Complaint. A comparison of the pleadings reveals

3

only one new factual allegation against the former Defendants, which states, in bold font, that that the "weight restrictions were in fact misapplied" by them.[3] (*Id.* at ¶¶ 9-11.) Further, it appears that Plaintiff, for the first time, seeks to add Brantly, the supervisor of religious services at NSP, as a Defendant in this matter. (*Id.* at ¶ 12.) Brantly was employed by the New Jersey Department of Corrections who allegedly violated Plaintiff's constitutional rights as a "Black Jew/Orthodox Ethiopian Jew" and "forc[ed] the Plaintiff to receive donations from a sole provider that [] failed to provide correct foods for religious holidays to Plaintiff." (*Id.*) Plaintiff adds as Count Six of the Complaint that Brantly violated his rights "by denying Plaintiff from receiving donations to address [his] religious beliefs" in violation of the First Amendment. (*Id.* at 12, ¶ 45.) Gramp, Sears, and Mendoza oppose the motion to amend, which in large part, references the District Court's prior Memorandum & Order, granting the motion to dismiss on qualified immunity grounds. (Docket Entry No. 92, at 2.)

**II.     Analysis**

Pursuant to Fed.R.Civ.P. ("Rule") 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). However, the Court may deny a motion to amend when there is undue delay, bad faith, dilatory motive, prejudice, or futility of the amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2002). Where there is an absence of the above factors, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

---

[3] As discussed below, the Court was required to engage in its own comparative review since Plaintiff's proposed Second Amended Complaint has not complied with Local Civil Rule 15.1(a)(2). Plaintiff has not provided "a form of the amended pleading that shall indicate in what respects it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added."

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). In assessing whether the proposed amendment is "insufficient on its face" the Court utilizes a motion to dismiss standard under Rule 12(b)(6) to analyze and determine whether the amendment states a claim upon which relief could be granted. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Alvin*, 227 F.3d at 121. Under Rule 12(b)(6), the Court considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The Court finds that the proposed amendments to the operative Complaint, which attempt to reinstate Gramp, Sears, and Mendoza to this action, are futile. Each of the former Defendants have been dismissed from the proceedings by way of the District Court's Memorandum & Order. (Docket Entry No. 81.) The allegations in the proposed Second Amended Complaint are largely identical to those claims that were dismissed. Indeed, it appears Plaintiff has set forth only one additional factual allegation against these former Defendants, stating that the "weight restrictions were in fact misapplied by [Mendoza, Sears, and Gramp.]" (Docket Entry No. 91, at ¶ 9, ¶ 10, and ¶ 11.)

In this regard, Plaintiff has submitted a letter of clarification (Docket Entry No. 88), which references the District Court's statement, in terms of qualified immunity, that "[t]he question before the Court is not whether Defendants misapplied the weight restriction policy. Rather, the question before the Court is if it is clearly established that a weight restriction policy violated Plaintiff's First Amendment right." (*See* Docket Entry No. 88-2, at 6.) Plaintiff's added factual

allegations do not change this result.  Even if the prison official did, in fact, misapply the NJSP's weight requirements, they would still be afforded qualified immunity.  As previously articulated by the District Court, Plaintiff was not denied the subject book due to its content; rather, the prison officials denied his access to the book based on the prison's rules involving weight requirements.  It is not clearly established that a ban on books—strictly because of their weight—is a violation of the First Amendment.

In his reply brief, Plaintiff references cases that address the "reasonableness" standard that governs the censorship of the content of materials mailed to prisoners.  (Docket Entry No. 95.)  These same arguments were advanced before the District Court in opposing the former Defendants' motion to dismiss.  (*See* Docket Entry No. 81, at 6.)  Once again, the cases cited by Plaintiff are "distinguishable from the issue at bar" since the cases relied upon "address the censorship of materials based on the content of those materials." (*Id.*)  Indeed, relevant precedent would support that a prison's limits on the weight of incoming packages and banning of certain kinds of books are within constitutional limits.  *Bell v. Wolfish*, 441 U.S. 520, 550-551 (1979) (a prohibition on hardback books did not violate First Amendment since the restriction on hardcover books was a "rational response by prison officials" to address an "obvious security problem" including "smuggling contraband into an institution; money, drugs, and weapons easily may be secreted in the bindings."); *see also Kramer v. Conway*, 962 F. Supp. 2d 1333, 1346 (N.D. Ga. 2013) (confirming a prison's penological interest to search incoming books for drugs, weapons, or other contraband).  Put simply, Plaintiff's proposed amendment is futile, as any additional facts that prison officials may or may not have improperly applied the weight requirement would not alter the conclusion that these former Defendants are entitled to immunity from these claims.

Finally, the Court will turn to the portion of the motion that seeks to add Brantly as a Defendant to this case.  At the outset, the Court finds that Plaintiff's motion to amend is procedurally deficient and has failed to comply with Local Civil Rule 15.1(a)(2); he has not provided a proposed amended complaint that clearly set forth in what respects it differed from the Complaint it was amending.  Because Plaintiff is proceeding *pro se* in this matter, the Court will, at its discretion, overlook this procedural defect.  Nonetheless, it does appear that, as a result of this procedural flaw, neither party has addressed why Plaintiff's amendment as to Brantly would be permissible or warranted.

The Court notes that Plaintiff's motion to amend comes nearly three years since he filed his initial complaint.  Since then, the parties have engaged in extensive discovery.  Plaintiff has not demonstrated why—nearly three years into the litigation—he has only recently discovered Brantly's involvement in this case.  Importantly, it appears from the allegations made in the proposed Second Amended Complaint that Plaintiff was aware of Brantly's involvement as early as April 15, 2022.  (Docket Entry No. 86-2, at ¶ 32).  Given Plaintiff's delay in attempting to add Brantly as a Defendant and Plaintiff's failure to explain the delay to bring his newly added claims, the Court denies Plaintiff's motion as to Brantly without prejudice.

### III.   Conclusion

For the reasons stated above, Plaintiff's Motion to Amend is **DENIED**.  The Clerk of Court is directed to terminate Docket Entry No. 86.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
Dated:  March 31, 2023
